UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COLBY A. PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00660-JPH-DLP |
| | ) |
| T.J. WATSON, | ) |
| UNKNOWN, | ) |
| EDWARDS, | ) |
| K. WASSON, | ) |
| SACHETTII, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Federal inmate Colby A. Palmer commenced this civil rights action on December 9, 2020. The Court now screens the complaint and makes the following rulings.

**I.**
***In Forma Pauperis* Status**

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], remains under advisement. The plaintiff claims that she has requested, but not received, a copy of her trust fund account statement. Dkt. 2 ¶ 7. A prisoner "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . " 28 U.S.C. § 1915(a)(2). If the prisoner has funds in her account, the court must assess an initial partial filing fee, and the prisoner thereafter is required to make monthly payments toward satisfaction of the filing fee. 28 U.S.C. § 1915(b)(1), (2). Without a certified copy of the trust fund account statement, the Court cannot do what the *in forma pauperis* statute requires. There is no requirement that the Court resolve a motion to proceed *in forma pauperis* before screening a complaint and under the circumstances presented in this case it is appropriate to proceed with

1

screening while the motion to proceed *in forma pauperis* remains pending. *See* 28 U.S.C. §§ 1914, 1915A(a).

## II.
## Screening Standard

Because the plaintiff is a prisoner, her complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.
## The Complaint

The complaint names five defendants: (1) Warden T.J. Watson; (2) Director of the Federal Bureau of Prisons (BOP); (3) Investigator Edwards; (4) K. Wasson; and (5) Dr. Sachetti.

The following allegations are set forth in the plaintiff's complaint. The plaintiff is a transgender former gang member. The BOP Director designated the plaintiff to be placed at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute) because it is a protective custody yard, housing vulnerable inmates such as the plaintiff. On or around June 15, 2020, the

plaintiff's cellmate became aggressive with her. The cellmate was transferred out of the cell for unrelated reasons. The plaintiff notified defendant Edwards that she feared for her life and wished to be separated from her cellmate. Defendant Edwards did nothing. The plaintiff notified K. Wasson of the issue and asked defendant Wasson not to assign the plaintiff's former cellmate back to her cell when he was released from isolation. Defendant Wasson ignored this request and as a result, the cellmate was returned to the plaintiff's cell and the two inmates got into a physical fight. Both were transferred to the special housing unit on August 12, 2020.

The plaintiff has been diagnosed with severe mental illness and has been inclined to self-harm in the past. The isolation of the special housing unit is negatively affecting her mental health. She has requested treatment from Dr. Sachettii, but he has provided none. The plaintiff notified Warden T. J. Watson and the BOP Director of the situation, but they did nothing.

The plaintiff learned in mid-September that she is scheduled to be transferred to the United States Penitentiary in Victorville, California, which is not a protective-custody yard. The plaintiff fears that her life will be in danger if she is transferred. The BOP Director authorized this transfer even though the Director knows the plaintiff is transgender and has been a victim of violence in the past when placed in non-protective custody.

## IV.
## Discussion of Claims

The plaintiff's complaint specifies that her claims are brought against the BOP Director and Warden T. J. Watson in their official capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Here, the official capacity claims are claims against

the BOP for failing to protect the plaintiff and provide her with appropriate mental health treatment. The official capacity Eighth Amendment claims **shall proceed** as to Warden T. J. Watson. The reason for this ruling is that the Warden appears to be the appropriate defendant from which to seek injunctive relief. The official capacity claim against the BOP Director is **dismissed** without prejudice as unnecessary and duplicative.

The complaint is understood to allege a *Bivens* claim against the remaining defendants. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42. U.S.C. § 1983 authorizes such suits against state officers…"). The Eighth Amendment claims against defendants Edwards, Wasson, and Sachettii **shall proceed** as pleaded in the complaint.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through February 1, 2021,** in which to identify those claims.

## V.
## Motion to Compel Defendants to Halt Transfer

The defendants shall respond to the plaintiff's motion to compel defendants to halt transfer, dkt. [6], when they answer or otherwise respond to the complaint.

## VI.
## Conclusion and Service of Process

4

The **clerk is directed**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendants Watson, Edwards, Wasson, and Sachettii. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*, **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, dkt. [1], the plaintiff's motion to halt transfer, dkt. [6], and a copy of this Order, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

The **clerk is directed** to terminate unknown BOP Director as a defendant on the docket.

**SO ORDERED.**

Date: 1/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COLBY A. PALMER
12950-029
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

5