UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COLBY A. PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00660-JPH-DLP |
| ) | |
| T.J. WATSON, ) | |
| EDWARDS, ) | |
| K. WASSON, ) | |
| SACHETTII, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Colby A. Palmer, a transgender federal inmate, brought this civil action for injunctive relief under the Eighth Amendment and for damages under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Ms. Palmer alleges that the defendants ignored her requests to be separated from an aggressive cellmate and moved her to a facility with active gang members even though she is a former gang member.

The defendants contend that they are entitled to summary judgment because Ms. Palmer failed to exhaust her available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons that follow, the defendants' motion for summary judgment, dkt. [47], is **granted**. Ms. Palmer's motion to compel defendants to halt transfer, dkt. [6], and defendant Watson's motion to dismiss Ms. Palmer's injunctive relief claim, dkt. [37], are **denied as moot**.

## I. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Ms. Palmer was given notice by both Defendants and the Court of her right to respond, the timeframe for responding and the consequences of failing to respond. Dkt. 49; dkt. 51. Ms. Palmer did not file a response, so facts alleged in the motion that are supported by the record are deemed admitted. *See* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Exhaustion Standard

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

3

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

An inmate may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* filing suit. *See id.* (noting that lawsuits are routinely dismissed when plaintiffs exhaust their administrative remedies while the litigation is pending).

As the party asserting the exhaustion defense, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

### III. Facts

At all times relevant to her complaint, Ms. Palmer was confined by the Bureau of Prisons (BOP) at the U.S. Penitentiary in Terre Haute, Indiana. The BOP has an administrative remedy

4

process which consists of three steps. The first step is the submission of an administrative remedy request form referred to as a BP-9. The BOP database that stores administrative remedy documentation identifies BP-9s with a number followed by "F1." The second step is to file a BP-10 form with the regional office. This filing receives the notation "R1" in the BOP database. Finally, appeals to the central office are submitted on BP-11 forms and receive the notation A1 in the database. A rejected submission is not required to be maintained in the database unless it is deemed sensitive. Turner Affidavit, dkt. 47-1 at 2-3.

Between June 15, 2020, when Ms. Palmer alleges that she had a safety issue with her cellmate, and December 9, 2020, when she initiated this action, she submitted a total of three administrative remedies: Remedy Nos. 1053505-R1, 1056267-F1, 1052950-R1. None of these administrative remedies, however, completed the BOP's three step process prior to the time Ms. Palmer filed this civil action.

### A. Remedy No. 1053505

On October 16, 2020, the Regional Office received an administrative remedy request marked by Ms. Palmer as "Sensitive." Dkt. 47-5. It was assigned Remedy No. 1053505-R1. In that request, Ms. Palmer challenged her designation to an "active yard" and requested to be redesignated to a yard that is safe for a transgendered former gang member. *Id*. The Regional Office rejected this remedy because it was not sensitive, was not submitted on the proper form, and Ms. Palmer did not first submit a BP-9 at the institution level. Turner Affidavit, dkt. 47-1 at ¶ 10; dkt. 47-4 at 12. Ms. Palmer was instructed to resubmit the remedy in proper form within ten days of the date of the rejection notice, but she did not. Nor did she appeal the rejection. *Id.*

### B. Remedy No. 1056267

On October 22, 2020, Ms. Palmer filed a BP-9 remedy request again complaining about her designation to an "active yard." The request was assigned Remedy No. 1056267-F1. Dkt. 47-7 at 4. The Warden responded on November 25, 2020. *Id*. at 5.

Ms. Palmer filed the complaint initiating this action on November 29, 2020. Dkt. 1. After filing the complaint, Ms. Palmer appealed the Warden's response by filing a BP-10 with the Regional Office. She submitted the form on December 27, 2021. It was received on January 4, 2021, and assigned Remedy No. 1056267-R1. Turner Affidavit, dkt. 47-1 at ¶ 12; dkt. 47-7 at 2. The Regional Director responded on February 1, 2021. Dkt. 47-7 at 1. Ms. Turner did not appeal the response to the Central Office. Turner Affidavit, dkt. 47-1 at ¶ 12; dkt. 47-4.

### C. Remedy No. 1052950

The third remedy request Ms. Palmer initiated during the relevant time frame challenged the disciplinary conviction she received after an altercation with her cellmate on August 12, 2020. This request was received by the Regional Office on October 19, 2020, and assigned Remedy No. 1052950-R1. Turner Affidavit, dkt. 47-1 at ¶ 11; dkt. 47-6 at 5-12. The regional director responded on October 29, 2020. Dkt. 47-6 at 1. After initiating this lawsuit, Ms. Palmer filed a BP-11 appealing the regional director's response. It was received on January 4, 2021. Dkt. 47-4 at 14. It was initially rejected, but Ms. Palmer resubmitted it and it remained pending in June 2021 when the defendants moved for summary judgment. Turner Affidavit, dkt. 47-1 at ¶ 11.

### IV. Discussion

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either

waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The designated evidence shows that Ms. Palmer did not exhaust available administrative remedies before filing her complaint. Although she continued to appeal a relevant remedy request after filing suit, such action cannot satisfy the PLRA's requirement. *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) (noting that lawsuits are routinely dismissed when plaintiffs exhaust their administrative remedies while the litigation is pending).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *Id.* at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

### V. Conclusion

The defendants' motion for summary judgment, dkt. [47], is **granted**. Final judgment in accordance with this Order and the Court's Screening Order, dkt. 9, shall issue at this time.

Given the dismissal of this action, the plaintiff's motion to compel defendants to halt transfer, dkt. [6], and defendant Watson's motion to dismiss the plaintiff's claim for injunctive relief, dkt. [37], are **denied as moot**.

**SO ORDERED.**

Date: 9/24/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COLBY A. PALMER
12950-029
VICTORVILLE – USP
VICTORVILLE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3900
ADELANTO, CA 92301

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov