UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COLBY A. PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-00660-JPH-DLP |
| | ) |
| T.J. WATSON, | ) |
| EDWARDS, | ) |
| K. WASSON, | ) |
| SACHETTII, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO SEAL CLOSED CASE**

Plaintiff Colby A. Palmer has moved the Court to seal this case more than three years after final judgment was entered. Dkt. 54. Plaintiff states that he is at risk of harm from other inmates who may search his name on legal databases and discover this case. *Id.*

Plaintiff's motion does not comply with Local Rule 5-11, which requires a party to file a motion requesting that a case be sealed "at or before the time the party files its initial pleading." S.D. Ind. Local Rule 5-11(a). As a result, information about Plaintiff's case was already available to the public by the time he filed this motion (and had been for years), and sealing this case now cannot change that fact.

Moreover, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view. The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts,

to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (cleaned up). Accordingly, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Baxter Int'l, Inc. v. Abbott Laboratories,* 297 F.3d 544, 546 (7th Cir. 2002). A party seeking to maintain confidentiality must explain what harm will result from the disclosure as well as why that harm is the sort that presents a legal justification for secrecy in presumptively public litigation. *Id.* at 547.

Plaintiff has not met this high burden. In asking the Court to seal the entire case, Plaintiff asks the Court to seal documents unlikely to include any information that would be harmful—such as scheduling orders, notices, and other routine filings. Plaintiff has not identified particular filings that will cause him harm by remaining in the public record, as they have been since the case was filed in 2020. In addition, the court notes that the Federal Bureau of Prisons' website indicates that Plaintiff was released from custody earlier this year. Thus, any concern about being targeted by other inmates has been mooted.

If there are individual documents or portions of documents that Plaintiff wishes to have maintained under seal, he may file motions to seal those particular documents in compliance with Local Rule 5-11 for the Court's review, but his motion to seal the entire case, dkt. [54], is **denied**. Because Plaintiff has

2

not provided an updated address after release from custody, this Order cannot be mailed to him but shall be made available by request.

**SO ORDERED.**

Date: 8/14/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COLBY A. PALMER
No current address reported-Copy available upon request


Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov